**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM A. WHITE,** | ) | |
| **# 13888-084,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 19-CV-0418-JPG** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WILLIAM TRUE, AND** | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William White, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Marion Federal Correctional Center ("Marion"), brings this action for deprivations of his constitutional rights via a Bivens[1] action, 28 U.S.C. § 1331, the Administrative Procedure Act, 5 U.S.C. § 702, and Illinois state law. Plaintiff alleges that his First Amendment rights have been violated by way of restrictions on his ability to communicate via written mail with his daughter, and that the restrictions constitute a due process violation. He seeks injunctive and declaratory relief, as well as available monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint, White alleges that after years of being allowed to communicate with his daughter in written letter format, he recently has been prevented from sending her letters (Doc. 5 at 19-20). He alleges that the issue arose on or about August 1, 2018, when his daughter and her mother moved to a new residence (*Id.* at 20). After the move, White attempted to enter his daughter's new address as an authorized contact in the computer mail system utilized at Marion (*Id.*). Two weeks later, his request that she be added as a new contact was denied (*Id.*). Marion intelligence officer, Kathy Hill, later informed White that Defendant True personally decided to deny the address change because he wanted to terminate White's parental relationship with his daughter (*Id.*).

On October 11, 2018, White began the internal appeals process regarding his ability to communicate with his daughter (*Id.* at 21). Hill informed him on October 12 that Defendant True's proclamation included a ban on White communicating with his daughter via his mother (*Id.*). On November 3, White's mother learned from his daughter's mother that she had tried to let her daughter contact White, to no avail (*Id.*). On November 5, Gary Burgess allegedly told White that Defendant True did not personally do anything about White's communications, but White did not believe him (*Id.*). On April 9, 2018, the BOP appeals process informed White that it would not renew contact with his daughter, and it advised that he already knew the reason why that was the case (*Id.*). On the same date, White initiated this litigation (*Id.*). On April 18, 2018, the BOP denied White's internal tort claim regarding communications with his daughter.

White alleges that he cannot currently proffer sufficient evidence to substantiate a retaliation claim, but he speculates that he will be able to do so in the future (*Id.* at 22). He goes on for five pages about his theories on the BOP's conduct towards him (*Id.* at 22-27) surmising that they are purposefully depriving him of communication with his daughter as a way to manipulate him (*Id.*). He then delineates four counts against the defendants. In support of his complaint, he also supplies copies of his efforts to exhaust the BOPs appeals process. A letter indicates that he has exhausted his final appellate avenue with the BOP (*Id.* at 16).

Plaintiff seeks injunctive relief in the form of a directive requiring him to be allowed to communicate with his daughter. He also seeks monetary or other relief from Defendant True in his official capacity.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to adopt the Counts in the *pro se* action as follows:

**Count 1:** **True violated Plaintiff's First Amendment Rights by restriction of his ability to exchange mail correspondence with his daughter**

**Count 2:** **Defendant True has violated Plaintiff's Fifth Amendment rights by restricting his ability to foster a father-daughter relationship with his daughter**

**Count 3:** **Defendant True violated the Administrative Procedures Act by barring communication between Plaintiff and his daughter without taking the appropriate procedural steps**

**Count 4:** **Defendant True and the United States caused Plaintiff to lose the companionship of his daughter**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

As to Plaintiff's First Amendment mail claim, Plaintiff cannot bring this type of claim against federal officials pursuant to *Bivens* in light of the Supreme Court's recent decision in *Ziglar v. Abbasi*, ⸻ U.S. ⸻, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017). *Ziglar* suggests that the only valid contexts for constitutional claims against federal officers are those previously recognized by the Court under the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. at 397, 91 S.Ct. 1999 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment deliberate indifference to medical needs). The Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. Plaintiff's First Amendment mail claims do not fit under any of the three scenarios recognized by *Bivens*. Further, the Supreme Court has stated the "[w]e have never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n. 4, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012). This Court has also recently declined to extend Bivens to First Amendment claims. *Borowski v. Baird*, Case No. 16-cv-848-JPG, 2018 WL 6583976 (S.D. Ill. Dec. 14, 2018); *White v. Inch*, Case No. 17-cv-1059-JPG, 2018 WL 6584899 (S.D. Ill. Dec. 14, 2018). In fact, "[n]ationwide, district courts seem to be in agreement that, post-*Abassi*, prisoners have no right to bring a Bivens action for violation of the First Amendment." *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at * 3 (S.D. Ind. July 25, 2018).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Nor are there any "special factors" in this case that would urge expanding *Bivens* here. These include questions like "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damage action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Ziglar*, 137 S.Ct. at 1858. As with other cases where this Court has declined to extend *Bivens*, Plaintiff has alternative avenues to obtain relief, he can go through the Bureau of Prison's administrative remedies program, as demonstrated by the administrative remedies attached to his Complaint. *See Borowski*, 2018 WL 6583976, at *2; *White*, 2018 WL 6584899, at * 2. "Post-*Abassi*, numerous courts, including the Ninth Circuit Court of Appeals, have declined to extend Bivens actions to a prisoner's First Amendment and Fifth Amendment (due process) claims because the plaintiff had available alternative remedies." *Harris*, 2018 WL 3574736, at *3 (*citing Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018)). Consistent with the Court's previous rulings, the Court declines to extend *Bivens* to Plaintiff's interference with mail claim. Thus, Count 1 is **DISMISSED** with prejudice.

### Count 2

As to Plaintiff's Fifth Amendment due process claim, it is also not cognizable under *Bivens*. The Seventh Circuit has recently declined to recognize a new theory of relief in a *Bivens* action premised on due process violations as the prisoner had alternative remedies through the BOP's administrative remedies program. *See Goree v. Serio*, 735 Fed.Appx. 894, 895 (7th Cir. 2018). Similarly, other Courts have declined to extend *Bivens* to due process claims like the one raised by Plaintiff. *See Vega*, 881 F.3d at 1154-55 (declining to recognize *Bivens* action for due process violation); *Harris*, 2018 WL 3574736, at * 3-4 (declining to recognize *Bivens* action for due process violation in continued CMU placement). As to the special factors, Plaintiff has access to

alternative remedies through the BOP's administrative remedies program. As such, the Court declines to extend *Bivens* to Plaintiff's due process claim and, accordingly, **DISMISSES** with prejudice Count 2.

### Count 3

The Administrative Procedure Act ("APA") allows individuals to bring a suit for judicial review of a final agency determination. 5 U.S.C. § 702. The Seventh Circuit Court of Appeals has held that the APA can be used to challenge various aspects of confinement, including the application of prison rules to individual prisoners. *See e.g. Richmond v. Scibana,* 387 F.3d 602, 606 (7th Cir. 2004) (discussing the appropriateness of the APA where a prisoner claimed the application of release rules prevented him from placement in a community corrections center). Plaintiff alleges that he has completed the agency review process for his claim about communicating with his daughter, and he submitted proof of the same in the form of a letter from the Bureau of Prisons noting that it had taken final action. This is enough to pursue a claim about the BOP's application of its mail policies to Plaintiff. Accordingly, Count 3 will be allowed to proceed. Plaintiff may not seek monetary damages under the APA, but to the extent he seeks injunctive relief, he will be allowed to seek that from both defendants. *See Veluchamy v. FDIC,* 706 F.3d 810, 812 (7th Cir. 2013); 5 U.S.C. § 702.

### Count 4

In Count 4, Plaintiff alleges that defendants caused him the loss of companionship of his daughter by prohibiting mail communication with his daughter. His claim must rely upon state law because *Bivens* would not allow him fiscal recovery for this claim; and, as discussed in relation to Count 1, *Bivens* generally will not be expanded to new contexts after *Ziglar. Ziglar*, 137 S.Ct. at 1859-60. However, the Court can exercise supplemental jurisdiction over this claim

to the extent it promotes judicial economy. The Court is hesitant to entertain this claim because it is unclear whether a parent has a right to a relationship with a minor child. *See Avery v. City of Milwaukee,* 2015 WL 13016242 *1 (W.D. Wis. 2015) (collecting cases to illustrate that the feasibility of a loss of companionship claim regarding a parent and minor child is unsettled in the Seventh Circuit). But, it cannot be definitively said that there is no hope of success on the claim, so the Court will allow it to proceed at this juncture.

### Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 will be **DISMISSED** with prejudice against all Defendants for failure to state an actionable claim.

**IT IS FURTHER ORDERED** that **Counts 3** will proceed against **Defendant True.**

**IT IS FURTHER ORDERD** that **Count 4** will proceed against **Defendants True and the United States.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants True and the United States: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work

address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/15/2019**

**s/J. Phil Gilbert**
**J. Phil Gilbert**
**United States District Judge**
